# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| **JUANA LOPEZ AND AQUILINO LOPEZ** | § | |
| | § | |
| **vs.** | § | **C.A. NO. 4:19-cv-02029** |
| | § | **(JURY)** |
| **STATE FARM LLOYDS** | § | |

---

## DEFENDANT'S NOTICE OF REMOVAL

---

TO THE HONORABLE JUDGE OF SAID COURT:

STATE FARM LLOYDS ("State Farm"), Defendant in the above-styled and numbered cause, files this Notice of Removal of the present case from the County Court at Law #2, Fort Bend County, Texas to the United States District Court for the Southern District of Texas, Houston Division.  In connection with this Notice of Removal, State Farm would respectfully show the Court as follows:

### I.
### PROCEDURAL BACKGROUND

1.      On May 1, 2019, Juana Lopez and Aquilino Lopez ("Plaintiffs") filed this action against State Farm in County Court at Law #2 in Fort Bend County, Texas.  The state court cause number is 19-CCV-064942 ("State Court Action").  State Farm was served on May 6, 2019 and filed its answer on May 24, 2019. In Plaintiffs' Original Petition ("Original Petition"), Plaintiffs state that they seek monetary relief of less than $100,000 and in an attempt to prevent removal, further state that Plaintiffs seek damages of no more than $75,000.  However, the amount in controversy in this lawsuit exceeds the sum or value of $75,000.00, exclusive of interest and costs, as required under section 1332(a).  Despite Plaintiffs' inaccurate jurisdictional allegation, removal is proper because State Farm can prove by a preponderance of the evidence that the amount in

controversy exceeds $75,000. *See* 28 U.S.C. 1332(c)(2)(B) ("removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332 (a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy, except that removal of the action is proper on the basis of an amount in controversy asserted under subparagraph (A) if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332 (a)."); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995) (holding "the plaintiff's claim remains presumptively correct unless the defendant can show by a preponderance of the evidence that the amount in controversy is greater than the jurisdictional amount.").

2. In accordance 28 U.S.C. § 1446, State Farm files this Notice of Removal to remove the State Court Action from the County Court at Law #2 in Fort Bend County, Texas to the United States District Court for the Southern District of Texas, Houston Division.

## II.
### NATURE OF SUIT

3. Plaintiffs filed this lawsuit alleging State Farm failed to pay insurance benefits owed to them in accordance with a Homeowner Policy for damage to the home caused by a hail/windstorm that occurred on or about October 31, 2018. Plaintiffs' Original Petition at ¶ IV. Plaintiffs assert causes of action for breach of contract, for violations of Chapters 541 and 542 of the Texas Insurance Code, and for violation of the DTPA. *Id*. at ¶¶ VI-VIII. Directly relevant to this Notice of Removal, Plaintiffs expressly seek to recover the following damages in this lawsuit:

**(a)** The cost to repair the home;

**(b)** The amount of Plaintiff's insurance claim, plus the statutory penalty on that claim;

**(c)** Treble damages under the Texas DTPA;

**(d)** Additional Damages under the Section 541 of the Texas Insurance Code;

(e)  Exemplary Damages; and

(f)  Attorneys' fees.

*Id*. at ¶¶ VI- XIII.  As addressed in further detail below, State Farm now timely files this Notice of Removal, because there is complete diversity of citizenship between the parties, and Plaintiffs' alleged damages listed above exceed the jurisdictional limits of this Court.


### III.
### BASIS OF REMOVAL

4.     The Southern District of Texas has jurisdiction over this action, pursuant to 28 U.S.C § 1441 and 28 U.S.C. § 1332, because the parties are diverse and the amount in controversy exceeds $75,000, exclusive of interests and costs.

5.     First, the parties are diverse. At all relevant times, Plaintiffs were, and continue to be, residents of Fort Bend County, Texas.  Plaintiffs' Original Petition at ¶ III.  State Farm Lloyds is an association of individual underwriters authorized to conduct business in Texas as a Lloyd's plan insurer, which is defined and set out in Chapter 941 of the Texas Insurance Code.  The citizenship of an unincorporated association is determined by the citizenship of each member of the entity, not by the state where the entity is organized.  *Royal Ins. Co. v. Quinn-L Capital Corp.,* 3 F.3d 877, 882–83 (5th Cir. 1993) (finding that a Lloyd's plan association was not a Texas citizen); *see Griggs v. State Farm Lloyds,* 181 F.3d 694, 698 (5th Cir. 1999) (finding that State Farm Lloyds is a citizen of Illinois); *Caballero v. State Farm Lloyds,* No. CA-C-03-266, 2003 WL 23109217, at *1 (S.D. Tex. Oct. 31, 2003) (same).  At all relevant times, State Farm was, and continues to be, an unincorporated insurance association whose underwriters were, and still are, citizens of states other than Texas.  *See* attached Affidavit of Michael Roper.  Accordingly, State Farm is not a citizen of the State of Texas.

6.     Second, Plaintiffs seek to recover damages for State Farm's denial and/or underpayment of their claim.  See Plaintiffs' Original Petition at ¶ VI.  Plaintiffs contend that the cost to repair the alleged damages covered under the policy is $35,322.65. See Exhibit A at p. 4; see also, e.g., *Lanfreth v. Allstate Tex. Lloyd's*, No. C-09-254, 2009 WL 3756902, at *3 n. 1 (collecting cases in the Fifth Circuit to explain that "Courts have consistently looked to demand letters particularly pre-suit demand letters, as evidence of the amount in controversy.").   In addition, Plaintiffs seek treble damages under section 17.50(b)(1) of the Texas DTPA as well as the Texas Insurance Code, which must be included when calculating the amount in controversy. See Plaintiffs' Original Petition at ¶¶ VII-VIII; *Cano v. Peninsula Island Resort & Spa, LLC*, No. 1:09–121, 2010 WL 1790722, at *3 (S.D. Tex. May 4, 2010) ("punitive and treble damages such as those pled in this case may be considered when computing the amount in controversy").   Three times the amount of Plaintiffs' alleged actual damages noted in Exhibit A amounts to more than $75,000.

7.     The amount in controversy is further compounded if, as required, any of the following damages alleged in Plaintiffs' Petition are included in calculating the amount in controversy: (a) statutory penalty on Plaintiffs' insurance claim under Section 542 of the Texas Insurance Code;" (b) attorneys' fees; (c) treble damages under section 541 of the Texas Insurance Code and/or DTPA; and (d) exemplary damages.  In light of the foregoing evidence, it is indisputable that the amount in controversy in this case exceeds $75,000. See *Whitmire v. Bank One, N.A.*, No. Civ. A. H–05–3732, 2005 WL 3465726, at *3 (S.D. Tex. Dec. 16, 2005) (economic damages of $15,370.50, together with unspecified mental anguish, treble damages, and attorney's fees, revealed an amount in controversy over $75,000).  As such, Plaintiffs cannot show that they are legally certain that the recovery will not exceed the amount stated in the Petition. See *De*

*Aguilar*, 47 F.3d at 1411 ("we hold that if a defendant can show that the amount in controversy actually exceeds the jurisdictional amount, the plaintiff must be able to show that, as a matter of law, it is certain that he will not be able to recover more than the damages for which he has prayed in the state court complaint.").

8.      In an attempt to clarify whether the amount in controversy is truly $75,000 or less, exclusive of interest and costs, Defendant requested a stipulation from Plaintiffs on that issue with an agreement not to remove the case to federal court if Plaintiffs would enter into such stipulation. See Exhibit B. However, Plaintiffs refused to enter into the stipulation further evidencing that the true amount in controversy exceeds $75,000.

## IV.
### REMOVAL PROCEDURES

9.      On May 1, 2019, Plaintiffs filed this case against State Farm in the County Court at Law #2 of Fort Bend County, Texas. State Farm was served on May 6, 2019.  State Farm filed its Answer on May 24, 2019.  This Notice of Removal is being timely filed on June 5, 2019. Accordingly, this Notice of Removal is timely filed within 30 days of when State Farm received service, *see* 28 U.S.C. § 1446(b)(1), and within one year from the commencement of this suit. *See* 28 U.S.C. § 1446(c)(1).

10.     The Houston Division of the Southern District of Texas is the proper venue because: (1) Plaintiffs' property, which was allegedly damaged and which forms the basis of Plaintiffs' lawsuit, is located in Fort Bend County, 28 U.S.C. § 1391(b)(2), and (2) Plaintiffs' State Court Action was brought, and is pending, in Fort Bend County. 28 U.S.C. § 1441(a).  Fort Bend County is within the jurisdictional limits of the Houston Division. 28 U.S.C. § 124(b)(2).

11.     All information and documents required by 28 U.S.C. § 1446(a) and by Local Rule 81 to be filed with this Notice of Removal are attached and indexed in Exhibit C.  In addition,

pursuant to 28 U.S.C. § 1446 (d), a copy of this Notice of Removal will be promptly filed with the Fort Bend County District Clerk's Office and served on the Plaintiffs.

12.     A jury fee was paid in state court and Defendants hereby request a jury trial in this cause of action.

**V.**
**P<small>RAYER</small>**

13.     State Farm respectfully requests that the above-styled action now pending in County Court at Law #2 of Fort Bend County, Texas, be removed to this Honorable Court pursuant to the Court's diversity jurisdiction, that upon final trial, judgment be rendered for State Farm and against Plaintiffs, that State Farm recover its costs, and for such other and further relief to which State Farm may be justly entitled.

Respectfully submitted,

**GERMER PLLC**

By: _____
**DALE M. "RETT" HOLIDY**
Federal Bar No. 21382
State Bar No. 00792937
America Tower
2929 Allen Parkway, Suite 2900
Houston, Texas 77019
(713) 650-1313 - Telephone
(713) 739-7420 - Facsimile
rholidy@germer.com

**ATTORNEY FOR DEFENDANT,**
**STATE FARM LLOYDS**

**OF COUNSEL:**

**GERMER PLLC**
James A. Tatem
State Bar No. 00785086
Federal I.D. No. 16798
America Tower
2929 Allen Parkway, Suite 2900
Houston, Texas 77019
(713) 650-1313 - Telephone
(713) 739-7420 - Facsimile
jatatem@germer.com

### <u>CERTIFICATE OF SERVICE</u>

       I hereby certify that a true and correct copy of the above and foregoing instrument was forwarded to all known counsel pursuant to the Federal Rules of Civil Procedure on this the 5th day of June, 2019.

Omar Ochoa                      **<u>VIA CM/ECF</u>**
OMAR OCHOA LAW FIRM
121 N. 10th Street
McAllen, Tx 78501


**DALE M. "RETT" HOLIDY**



121 N. 10TH STREET
MCALLEN, TEXAS 78501
(956) 630-3266
EMAIL: OOCHOA@OMAROCHOALAW.COM
www.OmarOchoaLaw.com

February 26, 2019

**Via E Mail: statefarmfireclaims@statefarm.com**
State Farm Lloyds
P.O. Box 106169
Atlanta, GA 30348

| | |
|---|---|
| Our Client: | Juana and Aquilino Lopez |
| Policy No: | 53BVY0456 |
| Claim No: | 537116H20 |
| Property: | 6718 Indian Falls Dr. Missouri City, Texas 77489 |
| Date of loss: | October 31, 2018 |

**DEMAND FOR RELIEF UNDER THE
TEXAS DECEPTIVE TRADE PRACTICES-CONSUMER
PROTECTION ACT AND THE TEXAS INSURANCE CODE**

To Whom It May Concern:

This firm has been retained by **Juana and Aquilino Lopez** in connection with the handling and prosecution of respective claims against State Farm Lloyds as under the Texas Deceptive Trade Practices-Consumer Protection Act (DTPA) and under the Texas Insurance Code, section 541.

Our client, **Juana and Aquilino Lopez**, is a "consumer(s)" within the definition as set forth in the DTPA because our client purchased a policy of insurance from State Farm Lloyds. It was represented to our client that this policy of insurance was in full force and effect for the policy period, and that any and all claims made by the insured would be handled in a manner consistent with the guidelines set forth in the Texas Insurance Code. In addition, our client is also a "person(s)" under the Texas Insurance Code with standing to bring claims under the Texas Insurance Code.

As you know, our client, your insured, has made a claim under the policy of insurance sold to it by State Farm Lloyds. Your company has conducted an inadequate examination of the damage from the hail/windstorm damage and the claims made by your insured. To date, the handling of the claims for hail/windstorm damage, have resulted in significant problems for our client.



DEFENDANT'S
EXHIBIT

A

DTPA Notice of Demand
Page 2

## DTPA

The DTPA violations of State Farm Lloyds include but are not limited to:

1. Causing confusion or misunderstanding as to the course, sponsorship, approval, or certification of goods or services;
2. Representing that an agreement confers or involves rights, remedies, or obligations, which it does not have or involve, or which are prohibited by law;
3. Failure to disclose information concerning goods or services which was known at         the time of transaction if such failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed;
4. Misrepresenting to a claimant a material fact or policy provision relating to coverage at issue;
5. Failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurers' liability has become reasonably clear;
6. Failing to attempt, in good faith, to effectuate a prompt, fair, and equitable settlement under one portion of a policy of a claim with respect to which the insurers' liability has become reasonably clear in order to influence the claimant to settle an additional claim under another portion of the coverage, provided that this prohibition does not apply if payment under one portion of the coverage constitutes evidence of liability under another portion of the policy;
7. Failing to provide promptly to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or for the offer of a compromise settlement of a claim;
8. Failing with a reasonable time to affirm or deny coverage of a claim to a policyholder and/or submit a reservation of rights to a policyholder;
9. Refusing, failing, or unreasonably delaying an offer of settlement under applicable first party coverage on the basis that other coverage may be available or that third parties are responsible for the damages suffered, except as may be specifically provided in the policy;
10. Undertaking to enforce a full and final release of a claim from a policyholder when only a partial payment has been made, provided that this prohibition does not apply to a compromise settlement of a doubtful or disputed claim;
11. Refusing to pay a claim without conducting a reasonable investigation with respect to the claim;
12. Making an untrue statement of material fact;
13. Failing to state a material fact that is necessary to make other statements made not misleading, considering the circumstances under which the statements were made;

DTPA Notice of Demand
Page 3

14. Making a statement in such manner as to mislead a reasonably prudent person to a false conclusion of a material fact;

15. Making a material misstatement of law, or

16. Failing to disclose any matter required by law to be disclosed, including a failure to make disclosure in accordance with another provision of the Texas Insurance Code.

State Farm Lloyds's actions are in violation of the DTPA and constitute producing causes of damage to our clients.

Because of the nature of the claims and the circumstances surrounding the losses in question, State Farm Lloyds's decision to deny the claims or to delay payment on the claims even though it is reasonably clear the claims are covered constitutes "knowing" violations of the DTPA and the Texas Insurance Code sufficient to allow the imposition of treble damages. Moreover, State Farm Lloyds's "knowing" violations of the Texas Insurance Code and the DTPA have caused and continue to cause significant mental anguish to my client.

Furthermore, because of State Farm Lloyds's violations of the DTPA and the Texas Insurance Code, our client is entitled to recover attorney's fees.

## TEXAS INSURANCE CODE VIOLATIONS

State Farm Lloyds and its representatives have violated the Texas Insurance Code in the following manner including, but are not limited to:

1. Refusing to pay a claim without conducting a reasonable investigation with respect to the claim;

2. Making an untrue statement of material fact;

3. Failing to state a material fact that is necessary to make other statements made not misleading, considering the circumstances under which the statements were made;

4. Making a statement in such manner as to mislead a reasonably prudent person to a false conclusion of a material fact;

5. Making a material misstatement of law, or

6. Failing to disclose any matter required by law to be disclosed, including a failure to make disclosure in accordance with another provision of the Texas Insurance Code.

## BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING: BAD FAITH

DTPA Notice of Demand
Page 4

In addition, State Farm Lloyds violated the duty of good faith and fair dealing by refusing to pay the claims in question even though you and your company knew or should have known that it was reasonably clear the claims were covered. State Farm Lloyds's breach of its duty of good faith and fair dealing has proximately caused injury and damage to our client.

### BREACH OF CONTRACT

Moreover, by failing to pay benefits under the policy of insurance State Farm Lloyds breached the contract of insurance that existed between your company and our client. As a result, our client is entitled to recover actual damages, consequential damages and attorney's fees pursuant to §38.001 of the Texas Civil Practice & Remedies Code because of your breach of contract.

As a result, please allow this correspondence to constitute notice under the Texas Deceptive Trade Practices Act and under the Texas Insurance Code of the claim, against you and your representatives.[1] Please allow this correspondence to serve as notice pursuant to Chapter 38.001 of the Texas Civil Practice & Remedies Code.

The damages suffered by our clients to date include:

| | |
|---|---|
| **Economic Damages:** | **$ 35,322.65** |
| **10% Interest:** | **$ 294.36** |
| **Attorney's Fees & Costs:** | **$ 2,090.00** |

Because of the nature of the claims and the circumstances surrounding the losses in question, State Farm Lloyds's actions could constitute "knowing" violations of the DTPA and the Texas Insurance Code sufficient to allow the imposition of treble damages up to 3 times economic damages.

**Please let this letter serve as my client's demand for $ 37,707.01.**

Respectfully,

Omar Ochoa
Attorney

---

[1] A copy of this notice has been provided to Mr. and Mrs. Lopez.

**Erika Lopez**

| | |
|---|---|
| **From:** | Jim Tatem |
| **Sent:** | Friday, May 31, 2019 9:02 AM |
| **To:** | oochoa@omarochoalaw.com |
| **Cc:** | Erika Lopez; Celine Razo; Rett Holidy |
| **Subject:** | RE: Juana and Aquilino Lopez v. State Farm Lloyds |
| **Attachments:** | 2019 05 08 De La Cruz Virgina- Stipulation of Damages.pdf |

Mr. Ochoa,

I am following up on the below email and proposed stipulation which is attached. Please let us know if you are willing to enter into the stipulation.

Thanks,

James A. Tatem
Germer PLLC
America Tower
2929 Allen Parkway, Suite 2900
Houston, Texas 77019
Ph: 713.650.1313 ext 210
Fax: 713.739.7420
jatatem@germer.com

# GERMER

**PRIVILEGED & CONFIDENTIAL COMMUNICATION:** This e-mail and any files transmitted with it is confidential and is intended solely for the use of the individual or entity to whom they are addressed. This communication may contain material protected by the Attorney-Client privilege and/or constitute attorney work product. If you are not the intended recipient or the person responsible for delivering the e-mail to the intended recipient, be advised that you have received this e-mail in error and that any use, dissemination, forwarding, printing, or copying of this e-mail is strictly prohibited. If you have received this e-mail in error, please immediately notify us by telephone at (409) 654-6700, (713) 650-1313, or (512) 472-0288 or return by e-mail to: postmaster@germer.com. You will be reimbursed for reasonable costs incurred in notifying us.

**From:** Jim Tatem
**Sent:** Wednesday, May 22, 2019 5:06 PM
**To:** oochoa@omarochoalaw.com
**Cc:** Erika Lopez <elopez@germer.com>; Celine Razo <crazo@germer.com>; Rett Holidy <rholidy@germer.com>
**Subject:** Juana and Aquilino Lopez v. State Farm Lloyds

Mr. Ochoa,

We will be representing State Farm Lloyds in the above lawsuit. In reviewing Plaintiffs' Petition, it appears that Plaintiffs intend to limit all damages to an amount below $75,000. However, the actual damages as well as the various additional damages alleged, may be above $75,000. My client will agree not to remove this case to federal court if you will agree to sign a Stipulation regarding the total amount of damages. I have attached a Stipulation that was agreeable in another case you filed against State Farm Lloyds.

Please let me know if you are willing to enter into the same Stipulation for this case. If so, I will provide one for your signature.

**DEFENDANT'S
EXHIBIT
B**

Thank you,

James A. Tatem
Germer PLLC
America Tower
2929 Allen Parkway, Suite 2900
Houston, Texas 77019
Ph: 713.650.1313 ext 210
Fax: 713.739.7420
jatatem@germer.com

# GERMER

**PRIVILEGED & CONFIDENTIAL COMMUNICATION:** This e-mail and any files transmitted with it is confidential and is intended solely for the use of the individual or entity to whom they are addressed.  This communication may contain material protected by the Attorney-Client privilege and/or constitute attorney work product.  If you are not the intended recipient or the person responsible for delivering the e-mail to the intended recipient, be advised that you have received this e-mail in error and that any use, dissemination, forwarding, printing, or copying of this e-mail is strictly prohibited.  If you have received this e-mail in error, please immediately notify us by telephone at (409) 654-6700, (713) 650-1313, or (512) 472-0288 or return by e-mail to: postmaster@germer.com.  You will be reimbursed for reasonable costs incurred in notifying us.

CAUSE NO. 2019-CCL-00707

| | | |
|---|---|---|
| **VIRGINIA DE LA CRUZ,** | § | **IN THE COUNTY COURT** |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **AT LAW NO. 4 OF** |
| | § | |
| **STATE FARM LLOYDS,** | § | |
| **Defendant.** | § | **CAMERON COUNTY, TEXAS** |

## BINDING STIPULATION OF DAMAGES

COMES NOW Virginia De La Cruz, Plaintiff in the above-entitled and numbered civil action who stipulates as follows:

1. The total sum or value in controversy in this civil action does not exceed $75,000, exclusive of interest and costs.

2. The total amount sought by Plaintiff in this civil action does not exceed $75,000, exclusive of interest and costs, including all statutory and contract damages, extra-contractual damages, punitive damages, and attorney's fees.

3. Plaintiff and Plaintiff's attorneys understand and agree that Plaintiff's total recovery in this civil action is limited to an amount not to exceed $75,000, exclusive of interest and costs.

4. Neither Plaintiff nor Plaintiff's attorneys will accept an amount that exceeds $75,000, exclusive of interest and costs, in this civil action.

5. Neither Plaintiff nor Plaintiff's attorneys will amend the petition after one year to plead an amount in controversy in excess of $75,000, exclusive of interest and costs, in this civil action.

6. Neither Plaintiff nor Plaintiff's attorneys will authorize anyone on their behalf or their future heirs or assigns, to amend the petition after one year to plead an amount in controversy in excess of $75,000, exclusive of interest and costs, in this civil action.

7. For purposes of this stipulation, Plaintiff and Plaintiff's attorneys understand and agree that the term "interest" means pre- and post-judgment interest only, and that the term "costs" means taxable court costs only.

8. The parties agree that this Stipulation will be filed in the papers of this cause and is enforceable pursuant to Tex. R. Civ. P. 11.

9. This Stipulation is effective by Plaintiff and counsel for Plaintiff.

Signed on May ___8___, 2019.

By:_____

Omar Ochoa
OMAR OCHOA LAW FIRM
121 N. 10th St.
McAllen, Texas 78501
Telephone: 956-630-3266
oochoa@omarochoalaw.com
**ATTORNEY FOR PLAINTIFF**

## LIST OF ATTORNEYS/PARTIES

Omar Ochoa
OMAR OCHOA LAW FIRM
121 N. 10th Street
McAllen, Texas 78501
Telephone: (956) 630-3266
oochoa@omarochoalaw.com

*Attorney for Plaintiffs*

2.    Dale M. "Rett" Holidy
    rholidy@germer.com
    James A. Tatem
    jatatem@germer.com
    GERMER PLLC
    America Tower
    2929 Allen Parkway, Suite 2900
    Houston, Texas 77019
    Telephone: (713) 650-1313
    Facsimile: (713) 739-7420

*Attorneys for Defendant*

## INDEX OF DOCUMENTS FILED
## WITH REMOVAL ACTION

### JUANA LOPEZ AND AQUILINO LOPEZ VS. STATE FARM LLOYDS

(a)    Plaintiffs' Original Petition
(b)    Notice of Service Process for State Farm Lloyds (return citation not filed in State Court)
(c)    Defendant State Farm Lloyds' Original Answer
(d)    Defendant State Farm Lloyds' First Amended Answer and Jury Demand
(e)    Docket Sheet



DEFENDANT'S
EXHIBIT

C

Electronically Filed
5/1/2019 9:51 AM
Laura Richard
County Clerk
Fort Bend County, Texas

CAUSE NUMBER **19-CCV-064942**

| | | |
|---|---|---|
| JUANA AND AQUILINO LOPEZ | § | IN THE COUNTY COURT |
| Plaintiffs, | § | |
| | § | |
| vs. | § | AT LAW NO. Fort Bend County - Court at Law 2 |
| | § | |
| STATE FARM LLOYDS | § | |
| Defendant. | § | FORT BEND COUNTY, TEXAS |

## PLAINTIFFS' ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COME, JUANA AND AQUILINO LOPEZ (hereinafter referred to as ("PLAINTIFFS"), and file their Original Petition against DEFENDANT, STATE FARM LLOYDS, and would respectfully show the Court the following:

I.        Discovery

Pursuant to Rule 47 of the Texas Rules of Civil Procedure, PLAINTIFFS seek damages of monetary relief of $100,000 or less. Specifically, PLAINTIFFS seek damages of monetary relief of no more than $75,000.00. PLANTIFFS intend to conduct discovery pursuant to a Level 2 Discovery Control Plan.

II.        Service of Process

STATE FARM LLOYDS may be served with process by serving citation and a copy of this Original Petition by Certified Mail Return Receipt Requested on its agent for service at: Corporation Service Company, 211 E. St. Ste. 620, Austin, Texas 78701.

1

STATE FARM LLOYDS is in the business of providing insurance in the State of Texas. The insurance business done by STATE FARM LLOYDS in Texas includes, but is not limited to the following:

1. The making and issuing of contracts of insurance with the PLAINTIFFS;

2. The taking or receiving of application for insurance, including the PLAINTIFFS' application for insurance;

3. The receiving or collection of premiums, commissions, membership fees, assessments, dues or other consideration for any insurance or any part thereof, including any such consideration or payments from the PLAINTIFFS;

4. The issuance or delivery of contracts of insurance to residents of this state or a person authorized to do business in this state, including the PLAINTIFFS;

5. The adjusting and inspection of PLAINTIFFS' insurance claims;

6. Making insurance coverage decisions;

7. Taking part in making insurance coverage decisions; and

8. Making representations to PLAINTIFFS as being an agent for an insurance company with authority to make coverage decisions;

### III.     Jurisdiction and Venue

Venue of this action is proper in FORT BEND County, Texas because the policy at issue was issued and delivered in FORT BEND County, Texas; the property insured is situated in FORT BEND County, Texas; PLAINTIFFS' losses occurred in FORT BEND County, Texas, and all or part of the events made the basis of this lawsuit and giving rise to PLAINTIFFS' claims and causes of action occurred in FORT BEND County, Texas.

2

## IV. Facts

STATE FARM LLOYDS and/or its agents committed the actions alleged against PLAINTIFFS in this petition. PLAINTIFFS own the property located at: 6718 Indian Falls Dr. Missouri City, Texas 77489 with Policy # 53BVY0456; Claim# 537116H20.STATE FARM LLOYDS provided coverage to the PLAINTIFFS for such building, personal property, and other matter. During the term of said policy, PLAINTIFFS sustained covered losses in the form of a hail/windstorm event on or about October 31, 2018 in FORT BEND County, and water damages resulting therefrom, including damage to the architectural finishes of the property. PLAINTIFFS promptly reported losses to STATE FARM LLOYDS pursuant to the terms of the insurance policy. As a result, PLAINTIFFS' property sustained damage, including the cost of destruction and restoration of the property necessary to access and fix the damaged areas. These are covered damages under PLAINTIFFS' insurance policy with STATE FARM LLOYDS. PLAINTIFFS have been damaged in an amount in excess of the minimum jurisdictional limits of this Court, including injuries sustained as a result of having conduct business during the pendency of STATE FARM LLOYDS'S conduct.

## V. Conditions Precedent

All conditions precedent have been waived by the insurance company, have been performed by the Plaintiffs, or have otherwise been satisfied. Despite these facts, STATE FARM LLOYDS has failed and refused to pay the PLAINTIFFS a just amount in accordance with their contractual obligations, agreements, and representations. Moreover, Defendant's claims that the Plaintiffs did not comply with the contract are barred by waiver, based on Defendant's breach and noncompliance with the material terms of the insurance contract. Generally, when one party to contract commits material breach, the other party is discharged or excused from further

3

performance. *Mustang Pipeline Co., Inc. v. Driver Pipeline Co. Inc.*, 134 S.W.3d 195, 196 (Tex. 2004).

## VI. Breach of Contract

PLAINTIFFS purchased an insurance policy with STATE FARM LLOYDS. PLAINTIFFS' property was damaged by the hail/windstorm and water damage, all of which are covered under the insurance policy. STATE FARM LLOYDS has denied and/or delayed payment of PLAINTIFFS' covered claims. STATE FARM LLOYDS has no reasonable basis for denying, delaying, or failing to pay PLAINTIFFS' claims for damages. STATE FARM LLOYDS knew or should have known that there was no such reasonable basis to deny, delay, and fail to pay such claims. The conduct of STATE FARM LLOYDS was irresponsible and unconscionable. STATE FARM LLOYDS took advantage of the PLAINTIFFS' lack of sophistication in insurance and construction matters to a grossly unfair degree. STATE FARM LLOYDS has, by its conduct, breached its contract with the PLAINTIFFS. The conduct of STATE FARM LLOYDS has proximately caused the injuries and damages to the PLAINTIFFS.

VII.    Second Cause of Action: DTPA Violations

PLAINTIFFS are "consumers" entitled to relief under the Texas Deceptive Trade Practices—Consumer Protection Act ("DTPA"). By its conduct outlined above, STATE FARM LLOYDS has engaged in the following violations of the DTPA which, together and separately, have been a producing cause of PLAINTIFFS' damages:

(a)    STATE FARM LLOYDS made false representations about PLAINTIFFS' rights, remedies, and obligations under the policies at issue. These statements were a misrepresentation of the insurance policies and their benefits in violation of §§17.46(b)(5), (7), (12) and (14), Texas Business & Commerce Code;

4

(b)    STATE FARM LLOYDS'S actions constitute an unconscionable course of conduct entitling the PLAINTIFFS to relief under §17.50(a)(1), (2), (3), and (4) of the Texas Business & Commerce Code;

(c)    STATE FARM LLOYDS failed to disclose information to the PLAINTIFFS concerning the nature and extent of their insurance policy, which was known by STATE FARM LLOYDS at the time for the purpose of inducing PLAINTIFFS into transactions which they would not have otherwise entered in violation of section 17.46(b)(9) and (23), Texas Business and Commerce Code;

(d)    As described above, STATE FARM LLOYDS violated Chapter 541, Texas Insurance Code, entitling the PLAINTIFFS to relief under section 17.50(a)(4), Texas Business and Commerce Code.

STATE FARM LLOYDS took advantage of PLAINTIFFS' lack of knowledge in construction and insurance claims processes, misrepresented losses covered under the insurance policy, and failed to disclose pertinent information regarding damages to the PLAINTIFFS' property. STATE FARM LLOYDS conduct as described herein was a producing cause of damages to PLAINTIFFS, for which they now sue. The conduct of the STATE FARM LLOYDS was more than just a mistake, and was done "knowingly" and/or "intentionally," as those terms are derived by statute. Because of that, STATE FARM LLOYDS may be subject to liability for additional damages under the Texas Deceptive Trade Practices Act. PLAINTIFFS seek an award of additional damages under the DTPA in an amount not to exceed three times the amount of economic damages.

5

## VIII. Unfair Insurance Practices

STATE FARM LLOYDS failed to inform PLAINTIFFS of material facts, such as the true scope of damage and cost to repair. STATE FARM LLOYDS failed to properly process claims and have misrepresented material facts to the PLAINTIFFS.STATE FARM LLOYDS has failed to address all damage to the property and its contents causing further damage to the PLAINTIFFS. Further, STATE FARM LLOYDS has intentionally failed to fully investigate the loss; failed to properly convey all information to PLAINTIFFS; and has intentionally ignored damages to the dwelling. PLAINTIFFS' property suffered from covered losses and damages of which STATE FARM LLOYDS is fully aware. STATE FARM LLOYDS has concealed damage known by it to exist. STATE FARM LLOYDS has known about covered hail/windstorm and water damages but has failed to perform proper testing and concealed facts from PLAINTIFFS about the damages, ignoring PLAINTIFFS' plea for help. STATE FARM LLOYDS has failed to warn PLAINTIFFS of consequential damage to their property.

By its conduct outlined above, STATE FARM LLOYDS committed unfair practices in the business of insurance prohibited by Chapter 541, Texas Insurance Code, and the statutes, rules and regulations incorporated therein. STATE FARM LLOYDS committed the following acts in violation of Texas Insurance Code and Texas Administrative Code:

(1)     STATE FARM LLOYDS failed to, with good faith, effectuate a prompt, fair, and equitable settlement of the PLAINTIFFS' claims once liability became reasonable clear (Tex. Ins. Code Ann. 541.060(a)(2)(A); Tex. Ins. Code Ann. 542.003(b)(4); 28 TAC section 21.203(4));

(2)     STATE FARM LLOYDS failed to provide promptly to PLAINTIFFS a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for denial

6

of the claim or for the offer of a compromise settlement of the claim (Tex. Ins. Code Ann. 541.060(a)(3); 28 TAC section 21.203(9));

(3)     STATE FARM LLOYDS refused to pay a claim without conducting a reasonable investigation with respect to that claim (Tex. Ins. Code Ann. 541.060(a)(7); TAC section 21.203(15));

(4)     STATE FARM LLOYDS breached its duty of good faith and fair dealing at common law;

(5)     STATE FARM LLOYDS failed to adopt and implement reasonable standards for the prompt investigation of claims arising under the insurer's policies (Tex. Ins. Code Ann. 542. 003(b)(3); 28 TAC section 21.203(3));

(6)     STATE FARM LLOYDS compelled PLAINTIFFS to institute a suit to recover an amount due under a policy by offering substantially less than the amount ultimately recovered in a suit brought by the policyholder (Tex. Ins. Code Ann. 542.003(b)(5); 28 TAC section 21.203(6);

(7)     STATE FARM LLOYDS violated the Prompt Payment of Claims Statute (28 TAC section 21.203(18));

(8)     STATE FARM LLOYDS committed the following unfair methods of competition or deceptive acts or practices in the business of insurance in violation of Texas Insurance Code and the Texas Administrative Code by:

(a)     STATE FARM LLOYDS made, issued or circulated or caused to be made, issued or circulated an estimate, illustration, circular or statement misrepresenting with respect to the policy issued or to be issued:

(i)     the terms of the policy; and/or

(ii)    the benefits or advantages promised by the policy.

7

(b)     STATE FARM LLOYDS made an untrue statement of material fact (Tex. Ins. Code Ann. 541.060(a)(1); 28 TAC section 21.203(1));

(c)     STATE FARM LLOYDS failed to state a material fact necessary to make other statements made not misleading, considering the circumstances under which statements were made; and

(d)     STATE FARM LLOYDS made statements in a manner that would mislead a reasonably prudent person to a false conclusion of material fact.

(e)     STATE FARM LLOYDS refused to make a settlement offer under applicable first-party coverage on the basis that other coverage may be available or that third parties are responsible for the damages suffered, except as may be specifically provided in the policy (Tex. Ins. Code Ann 541.060(a)(5); 28 TAC section 21.203(11);

STATE FARM LLOYDS'S conduct as described herein was a producing cause of damages to PLAINTIFFS, for which they now sue.

IX.     Breach of the Duty of Good Faith and Fair Dealing

From and after the time the PLAINTIFFS' claims were presented to STATE FARM LLOYDS, liability to pay the claims in accordance with the terms of insurance policies referenced above has been reasonably clear. Despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny and/or delay payment for PLAINTIFFS' claims, STATE FARM LLOYDS refused to accept the claims in totality and pay the PLAINTIFFS as the policy required. At that time, STATE FARM LLOYDS knew or should have known by the exercise of reasonable diligence that their liability was reasonably clear. STATE FARM LLOYDS failed to conduct a reasonable and proper inspection of the claims and refused to rely on the true facts, resorting instead to producing faulty, incomplete and biased reasons to avoid paying a valid

8

claim. This constitutes failing to handle or process the PLAINTIFFS' claims in good faith, an affirmative duty placed on STATE FARM LLOYDS, as expressly stated by the Texas Supreme Court in *Vail v. Texas Farm Bureau*, 754 S.W.2d 129 at 135 (Tex. 1988). Through the actions described above, STATE FARM LLOYDS breached its duty to deal fairly and in good faith with the PLAINTIFFS.STATE FARM LLOYDS'S breach was a proximate cause of the losses, expenses, and damages suffered by the PLAINTIFFS, for which they sue.

X. Texas Insurance Code 542, Subchapter B Delay in Payment

PLAINTIFFS gave prompt notice of their claims to STATE FARM LLOYDS.STATE FARM LLOYDS has engaged in unfair settlement claims practices, as discussed above and denied and/or has delayed payment on PLAINTIFFS' claim. STATE FARM LLOYDS'S reliance on reports and estimates from its adjusters and investigating adjusters has been "merely pretextual" and unreasonable. STATE FARM LLOYDS'S investigation and use of adjusters' reports was an "outcome-oriented investigation." STATE FARM LLOYDS failed to comply with the requirements of Chapter 542 listed herein:

 (a) Failing to pay PLAINTIFFS' claim within 60 days of receiving all of the items, statements, and forms required by the insurer to secure final proof of loss, of the acceptance or rejection of a claim; and

 (b) Failing to request all of the items, statements and forms the STATE FARM LLOYDS reasonably believed at the time would be required from PLAINTIFFS to pay the claim within 15 days after receiving notice of the claim.

Pursuant to Texas Insurance Code Chapter 542, Subchapter B, PLAINTIFFS are entitled to recover from STATE FARM LLOYDS the statutory penalty of 5% plus the interest rate

9

determined under Section 304.003, Finance Code, on all amounts due on PLAINTIFFS' claims, together with attorney's fees, for which they sue.

XI.

PLAINTIFFS allege that as to any terms, conditions, notices, or requests under the insurance contract, PLAINTIFFS have substantially complied and/or is excused. In the alternative, PLAINTIFFS make the allegation of waiver and/or estoppel as to every defense or exclusion plead by STATE FARM LLOYDS as to any exclusion, condition, or defense pled by STATE FARM LLOYDS, PLAINTIFFS would show that:

1. The clear and unambiguous language of the policy provides coverage for dwelling damage caused by windstorm and water damage, including the cost of access to fix the damaged areas. Any other construction of the language of the policy is void as against public policy;

2. Any other construction and its use by STATE FARM LLOYDS violates section 541 and 542 of the Texas Insurance Code and are void as against public policy;

3. Any other construction violates Art. 17.50 of the Texas Business and Commerce Code, is unconscionable, was procured by fraudulent inducement, and is void as against public policy;

4. Any other construction is otherwise void as against public policy, illegal, and violates state law and administrative rule and regulation;

5. The adoption of any other construction constitutes wrongful or bad faith cancellation and/or refusal to renew a portion of PLAINTIFFS' predecessor policy with STATE FARM LLOYDS. In this regard, PLAINTIFFS would show that their insurance policy was renewed uninterruptedly for many years; and

10

6. The adoption of any other construction constitutes conduct in violation of the laws of this state, including section 541 and 542 of Texas Insurance Code is void as against public policy.

If this Court finds any ambiguity in the policy, the rules of construction of such policies mandate the construction and interpretation urged by PLAINTIFFS. In the alternative, STATE FARM LLOYDS is judicially, administratively, or equitably estopped from denying PLAINTIFFS' construction of the policy coverage at issue. To the extent that the wording of such policy does not reflect the true intent of all parties thereto, PLAINTIFFS plead the doctrine of mutual mistake, requiring reformation.

## XII. Exemplary Damages

Plaintiffs would further show that the acts and omissions of Defendant and its agents, adjusters, employees and/or representatives complained of herein were committed knowingly, willfully, intentionally, with actual awareness, and with the specific and predetermined intention of enriching said Defendant at the expense of the Plaintiffs. In order to punish said Defendant for such unconscionable overreaching and to deter such actions and/or omissions in the future, Plaintiffs request exemplary damages pursuant to 17.50(b)(1) of the Texas Business and Commerce Code and § 541.152(b) of the Tex. Ins. Code.

## XIII.

WHEREFORE, PREMISES CONSIDERED, PLAINTIFFS respectfully request this Honorable Court for the following relief: that upon final hearing and trial hereof, this Honorable Court grant to the PLAINTIFFS such relief as to which they may show themselves justly entitled, either at law or in equity; either general or special, including declaratory judgment, judgment against the STATE FARM LLOYDS for actual attorney's fees, cost of suit, mental anguish, DTPA

11

violations, Texas Insurance Code violations, statutory penalties, and pre-judgment and post-judgment interest, including judgment for additional damages and punitive damage under the facts set forth in this or any amended pleading in exceeding the minimal jurisdictional limits of the court.

### XIV.    Jury Demand

PLAINTIFFS request that this Court empanel a jury to sit in the trial of this matter. The requisite jury fee will be paid as required by law.

### XV.    Requests for Disclosure

Under Texas Rule of Civil Procedure 194, PLAINTIFFS request that STATE FARM LLOYDS disclose, within 50 days of the service of this request, the information or material described in Texas Rule of Civil Procedure 194.

Respectfully submitted,

**OMAR OCHOA LAW FIRM**
121 N. 10th St.
McAllen, Texas 78501
Telephone: (956) 630-3266

/s/ *Omar Ochoa*
**OMAR OCHOA**
State Bar No. 24079813
oochoa@omarochoalaw.com
*ATTORNEY FOR PLAINTIFFS*

## Instructions and Definitions

1.   "You" or "Your" means the party responding to requests.

2.   "The Policy" means the insurance policy that is the basis of claims made against STATE FARM LLOYDS in this lawsuit.

3.   "Insured Location" means the real property at the location described in the Policy declarations.

4.   "Dwelling" means the dwelling located at the Insured Location at the time of loss.

5.   "Other Structures" means any structures located at the Insured Location during that time that are set apart from the Dwelling by a clear space, including those connected only by a fence, utility line, or similar connection.

6.   "Other Damages" means debris removal, temporary repairs, trees and shrub removal, personal property removal and storage, loss of use and additional living expenses.

7.   "Personal Property" means any or all of the personal property and business personal property that is the subject of the claims made against STATE FARM LLOYDS in this lawsuit.

8.   "Your Counsel" means the attorney or attorneys who are representing or have represented you either with regard to the claim or in this lawsuit.

9.   "The Claim" means the insurance claim made the basis of the breach of contract claim against STATE FARM LLOYDS in this lawsuit.

10.   "Written Communication" means the conveyance of information by a writing, whether by letters, e-mails, memoranda, handwritten notes and/ or faxes.

11.   "Document" means letters, words or numbers or their equivalent, set down by handwriting, typewriting, printing, photostating, photographing, magnetic or electronic impulse, mechanical or electronic recording, or other form of data compilation. See Texas Rule of Evidence 1001 (a). "Document" specifically includes information that exists in electronic or magnetic form.

12.   "Witness Statement" means the statement of any person with knowledge of relevant facts, regardless of when the statement was made, and is a (1) written statement signed or otherwise adopted or approved in writing by the person making it, or (2) a stenographic, mechanical, electrical, or other type of recording of a witness's oral statement, or any substantially verbatim transcript of such recording. See Texas Rule of Civil Procedure 192.3(h).

13

13.     "Date" means the exact date, month and year, if ascertainable, or, if not, the best available approximation.

## INSTRUCTIONS

1.     You are requested to produce photographs, video recordings and audio recordings that were created or stored electronically.

2.     Pursuant to Rule 196.4, you are requested to produce electronic or magnetic data responsive to the Request for Production below in tiff or pdf searchable format, including email, instant message and pdf forms of the documents.

14

## **INTERROGATORIES**

1.     Please identify any person you expect to call to testify the time of trail.

    **ANSWER:**

2.     Identify the persons involved in the investigation and handing of Plaintiffs' claim for insurance benefits arising from damage during and include a brief description of the involvement of each person identified, their employer, and date(s) of such involvement.

    **ANSWER:**

3.     If you performed any investigative steps in addition to what is reflected in the claims file, please generally describe those investigative steps conducted by you or any of your representatives with respect to the facts surrounding the circumstances of the subject loss. Identify the persons involved in each step.

    **ANSWER:**

4.     Identify by date, author, and result the estimates, appraisals, engineering, mold and other reports generated as a result of your investigation.

    **ANSWER:**

5.     State the following concerning notice of claim and timing of payment:

    a. The date and manner in which you received notice of the claim
    b. The date and manner in which you acknowledged receipt of the claim
    c. The date and manner in which you commenced investigation of the claim
    d. The date and manner in which you requested from the claimant all items, statements, and forms that you reasonably believed, at the time, would be required from the claimant
    e. The date and manner in which you notified the claimant in writing of the acceptance or rejection of the claim

    **ANSWER:**

6.     Identify by date, amount and reason, the insurance proceed payments made by you to the Plaintiffs.

    **ANSWER:**

7.     Has Plaintiff's claim for insurance benefits been rejected or denied? If so, state the reasons for denying the claim.

    **ANSWER:**

8.    Please identify the written procedures or policies (including document(s) maintained in electronic form) you maintained for your internal or third party adjusters to use in connection with handling property and casualty claims.

**ANSWER:**

9.    When was the date you anticipated litigation?

**ANSWER:**

10.   From November 1, 2010 to the present, what documents (including those maintained electronically) relating to the investigation or handling of a claim for windstorm insurance benefits in Texas are routinely generated during the course of the investigation and handling of a claim by you (e.g. Investigation Reports; z-records; reserves sheet; electronic claims diary; a claims review report; team controversion report)?

**ANSWER:**

11.   Have any documents (including those maintained electronically) relating to the investigation or handling of Plaintiffs' claims for insurance benefits been destroyed or disposed of? If so, please identify what, when and why the document was destroyed, and describe your document retention policy.

**ANSWER:**

12.   Do you contend that the insured premises was damaged by flood water, storm surge and/ or any excluded peril? If so, state the general factual bases for this contention.

**ANSWER:**

13.   Do you contend that any act or omission by Plaintiffs' voided, nullified, waived or breached the insurance policy in any way? If so, state the general factual bases for this contention.

**ANSWER:**

14.   Do you contend that the Plaintiffs' failed to satisfy any condition precedent or covenant of the policy in any way? If so, state the general factual bases for this contention.

**ANSWER:**

15.   How is the performance of the adjusters involved in handling Plaintiffs' claim evaluated? State the following:

    a.    what performance measures are used
    b.    describe your bonus or incentive plan for adjusters

16

c.      have any listed in response to requests for production had a criminal record/record of complaint with the Texas Department of Insurance, performed a violation of company claim handling procedures

**ANSWER:**

17

## DEFINITIONS

In the event you object to any of the items requested, you are instructed to furnish all other documents to which no objection is made. Also note that Rule 196.3(c) provides that a party shall produce documents as they are kept in the usual course of business or shall organize and label them to correspond with the categories in this request.

Please be advised that the undersigned intends to use the documents you produce in response to this request for production in any hearing or trial of this lawsuit. TEX. R. CIV. P. 193.7.

1.  "You" or "Your" means the party responding to requests.

2.  "The Policy" means the insurance policy that is the basis of claims made against STATE FARM LLOYDS in this lawsuit.

3.  "Insured Location" means the real property at the location described in the Policy declarations.

4.  "Dwelling" means the dwelling located at the Insured Location at the time of loss.

5.  "Other Structures" means any structures located at the Insured Location during that time that are set apart from the Dwelling by a clear space, including those connected only by a fence, utility line, or similar connection.

6.  "Other Damages" means debris removal, temporary repairs, trees and shrub removal, personal property removal and storage, loss of use and additional living expenses.

7.  "Personal Property" means any or all of the personal property and business personal property that is the subject of the claims made against STATE FARM LLOYDS in this lawsuit.

8.  "Your Counsel" means the attorney or attorneys who are representing or have represented you either with regard to the claim or in this lawsuit.

9.  "The Claim" means the insurance claim made the basis of the breach of contract claim against STATE FARM LLOYDS in this lawsuit.

10. "Written Communication" means the conveyance of information by a writing, whether by letters, e-mails, memoranda, handwritten notes and/ or faxes.

11. "Document" means letters, words or numbers or their equivalent, set down by handwriting, typewriting, printing, photostating, photographing, magnetic or electronic impulse, mechanical or electronic recording, or other form of data

18

compilation. See Texas Rule of Evidence 1001 (a). "Document" specifically includes information that exists in electronic or magnetic form.

12. "Witness Statement" means the statement of any person with knowledge of relevant facts, regardless of when the statement was made, and is a (1) written statement signed or otherwise adopted or approved in writing by the person making it, or (2) a stenographic, mechanical, electrical, or other type of recording of a witness's oral statement, or any substantially verbatim transcript of such recording. See Texas Rule of Civil Procedure 192.3(h).

13. "Date" means the exact date, month and year, if ascertainable, or, if not, the best available approximation.

## INSTRUCTIONS

1. You are requested to produce photographs, video recordings and audio recordings that were created or stored electronically.

2. Pursuant to Rule 196.4, you are requested to produce electronic or magnetic data responsive to the Request for Production below in tiff or pdf searchable format, including email, instant message and pdf forms of the documents.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1.    The claim and underwriting files from the home, regional, local offices, and third party adjusters/ adjusting firms regarding the claim that is the subject of this matter, including copies of the policy, file jackets, "field" files and notes, and drafts of documents contained in the file.

      RESPONSE:

2.    The electronic diary, including the electronic and paper notes made by STATE FARM LLOYDS's claims personnel, contractors, and third party adjusters/ adjusting firms relating to Plaintiff's claims.

      RESPONSE:

3.    Your written procedures or policies (including document(s) maintained in electronic form) that pertain to the handling of storm claims and complaints made by policy holders in Texas from July 1, 2010 to date. If the party answering this request is an independent adjuster, produce the request documents for both the independent adjusting company and the party [carrier] that hired you with the respect to this claim.

      RESPONSE:

4.    The Operation Guides which relate to the handling of claims in Texas in effect from July 1, 2010 to date. If the party answering this request is an independent adjuster, produce the request documents for both the independent adjusting company and the party [carrier] that hired you with respect to this claim.

      RESPONSE:

5.    The adjusting and engineering reports, notes, correspondence, estimates, appraisals, photographs and/or recordings prepared concerning Plaintiff's underlying claims.

      RESPONSE:

6.    If you dispute the cause of the loss produce the engineering reports in your possession regarding damage to property within a one-mile radius of the Plaintiff's insured property.

      RESPONSE:

7.    The price guidelines that pertain to the handling of claims arising out of storm damage. In the event you utilize published guidelines or "off the shelf" software, without modification, as your price guidelines, you may respond by simply identifying by name, version, and/or edition the published guidelines you use.

      RESPONSE:

8.    The Plaintiff's file from the office of their insurance agent.

20

RESPONSE:

9.      The information regarding weather and storm surge conditions on which you relied in making decisions on the Plaintiffs' claims.

RESPONSE:

10.     The documents, manuals, and training materials, including audio/ or video tapes used in training, overseeing, or supervising your personnel employed in adjusting property claims in Texas and in effect from

RESPONSE:

11.     "Pay sheet," "Payment Log," or list of payments made on Plaintiffs' claim. This includes all indemnity, claim expenses, third party payments and billing statements.

RESPONSE:

12.     The documents reflecting reserves applied to the subject claim.

RESPONSE:

13.     For the past five years, the portions of the personnel file of the adjuster(s) involved in handling Plaintiffs' claim that pertain in disciplinary actions associated with claims handling, and performance under a bonus or incentive plan.

RESPONSE:

14.     The managerial and adjuster bonus or incentive plan for managers responsible for storm claims in effect for the time period January 1, 2010 to date.

RESPONSE:

15.     If a third party engineer evaluated the subject property, provide the correspondence between STATE FARM LLOYDS insurer and third party adjuster and documents that show the number of other matters in which the same engineers were retained by you to evaluate others properties over the past five years.

RESPONSE:

16.     Copies of any and all documents that you contend support any affirmative defense, which you allege applies to this action.

RESPONSE:



# Notice of Service of Process

**null / ALL**
**Transmittal Number: 19760443**
**Date Processed: 05/07/2019**

| Primary Contact: | State Farm Enterprise SOP |
|---|---|
| | Corporation Service Company- Wilmington, DELAWARE |
| | 251 Little Falls Dr |
| | Wilmington, DE 19808-1674 |

| | |
|---|---|
| **Entity:** | State Farm Lloyds |
| | Entity ID Number  3461674 |
| **Entity Served:** | State Farm Lloyds |
| **Title of Action:** | Juana Lopez vs. State Farm Lloyds |
| **Document(s) Type:** | Citation/Petition |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Fort Bend County Court at Law, TX |
| **Case/Reference No:** | 19-CCV-064942 |
| **Jurisdiction Served:** | Texas |
| **Date Served on CSC:** | 05/06/2019 |
| **Answer or Appearance Due:** | 10:00 am Monday next following the expiration of 20 days after service |
| **Originally Served On:** | CSC |
| **How Served:** | Certified Mail |
| Sender Information: | Omar Ochoa |
| | 956-630-3266 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

CAUSE NO. 19-CCV-064942          **THE STATE OF TEXAS**

**TO:**     **STATE FARM LLOYDS**
        **CORPORATION SERVICE COMPANY, AGENT FOR SERVICE**
        **211 E. STREET, SUITE 620**
        **AUSTIN, TX 78701**

        Defendant, in the hereinafter styled and numbered Cause;

YOU ARE HEREBY COMMANDED TO APPEAR before the Honorable County Court at Law 2 of Fort Bend County, Texas, at the Courthouse being located at the Fort Bend County Justice Center, 1422 Eugene Heimann Circle, in the City of Richmond, Texas by filing a written answer to the Petition of Plaintiff's at or before 10 o'clock A.M. of the Monday next after the expiration of 20 days after the date of service hereof, a copy of which accompanies this Citation, in Cause No. 19-CCV-064942, styled: Juana Lopez, Aquilino Lopez vs State Farm Lloyds, filed in said Court on the 1st day of May, 2019.

ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office, this the 1st day of May, 2019.

                    LAURA RICHARD, COUNTY CLERK
                    FORT BEND COUNTY, TEXAS
                    301 JACKSON, SUITE 101
                    RICHMOND, TX 77469-3108

By: _____
                    Lori A. Cantu, Deputy

You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the next Monday next following the expiration of 20 days after you were served this citation and petition, a default judgment may be taken against you. The name and address of the Plaintiff's attorney is:

        Omar Ochoa
        Omar Ochoa Law Firm
        121 N. 10th Street
        McAllen, TX 78501
        956-630-3266

### OFFICER'S OR AUTHORIZED PERSON'S RETURN

CAME TO HAND on the 1st day of May, 2019 at _____o'clock ____.M., and executed at Fort Bend County, Texas at _____ o'clock ____.M. on the 1st day of May, 2019 by delivering to the within named State Farm Lloyds, by depositing in the United States Post Office, Certified Mail, Return Receipt Requested, a true copy of this citation together with the accompanying copy of the petition, having first attached such copy of such petition to such copy of citation and endorsed on such copy of citation the date of delivery.

                    LAURA RICHARD, COUNTY CLERK
                    FORT BEND COUNTY, TEXAS

By: _____
                    Lori A. Cantu, Deputy

**File stamp indicates return of the following to this office:**

_____    **Green card**    7018 2290 0001 1370 9237

_____    **Envelope**

NOTE: POLICY OF NON-DISCRIMINATION ON THE BASIS OF DISABILITY Fort Bend County does not discriminate on the basis of disability in the admission or access to, or treatment, or employment in, its programs or activities. Fort Bend County AD Coordinator, Rosenberg Annex, 4520 Reading Road, Suite A, Rosenberg, Texas 77471, phone (281) 341-8618 has been designated to coordinate compliance with the non-discrimination requirements contained in Section 35.107 of the Department of Justice regulations. Information concerning the provisions of the American with Disability Act, and the rights provided thereunder, are available from the ADA Coordinator.

                                                CITATION PERSONAL SERVICE
                                                i:\CIVIL\CITATIONCIT_CM.DOC

# SERVICE COPY

Electronically Filed
5/24/2019 9:47 AM
Laura Richard
County Clerk
Fort Bend County, Texas

## CAUSE NO. 19-CCV-064942

| | | |
|---|---|---|
| **JUANA LOPEZ AND AQUILINO LOPEZ** | § § § § | **IN THE COURT COURT** |
| **VS.** | § § | **AT LAW NO. 2** |
| **STATE FARM LLOYDS** | § § § | **FORT BEND COUNTY, TEXAS** |

### <u>DEFENDANT STATE FARM LLOYDS' ORIGINAL ANSWER</u>

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, STATE FARM LLOYDS (hereinafter, "State Farm"), a Defendant in the above-entitled and numbered cause, and files its Original Answer to the allegations contained in Plaintiffs' Original Petition, and all subsequent amended or supplemental petitions filed against it, and shows as follows:

## I.
### GENERAL DENIAL

State Farm generally denies all of the material allegations contained in Plaintiffs' Original Petition, and any amendments thereto, and demands strict proof thereof as allowed under the laws of the State of Texas.  By this general denial, State Farm would require Plaintiffs to prove every fact to support the claims in Plaintiffs' Original Petition, and any amendments thereto, by a preponderance of the evidence.

## II.

Defendant reserves the right to amend this Answer pursuant to the Texas Rules of Civil Procedure.

**WHEREFORE, PREMISES CONSIDERED**, Defendant, STATE FARM LLOYDS, respectfully requests that upon final trial and hearing hereof, that Plaintiff take nothing and that

Defendant recover its costs, fees, and expenses, and for such other further relief to which Defendant may show itself to be justly entitled, both in law and at equity.

Respectfully submitted,

GERMER PLLC

By: _____
DALE M. "RETT" HOLIDY
State Bar No. 00792937
America Tower
2929 Allen Parkway, Suite 2900
Houston, Texas 77019
(713) 650-1313 - Telephone
(713) 739-7420 - Facsimile
rholidy@germer.com

ATTORNEY FOR DEFENDANT,
STATE FARM LLOYDS

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been served on all counsel of record on this 24th day of May, 2019.

VIA ESERVICE

Omar Ochoa
OMAR OCHOA LAW FIRM
121 N. 10th Street
McAllen, Texas 78501

_____
DALE M. "RETT" HOLIDY

# Envelope ID :33844126

# Case Number : 19-CCV-064942

# Case Type

| | |
|---|---|
| **Jurisdiction :** Fort Bend County - Court at Law 2 | **Case Category :** Civil - Contract |
| **Case Type :** Debt/Contract - Debt Collection | **Filer Type :** Not Applicable |
| **Payment Account:** File & ServeXpress CC | **Attorney :** Rett Holidy |
| **Case Number:** 19-CCV-064942 | |
| **Client Matter ID:** 98237 | **Date Filed:** 5/24/2019 09:47:08 AM |

# Parties    3

| Sending Party | Party Type | Name | Address |
|---|---|---|---|
| ☑ | Defendant or Respondent | State Farm Lloyds | Corporation Service Company , 211 E. St. Ste. 620 , Austin , Texas , 78701 |
| | Plaintiff or Petitioner | Aquilino Lopez | c/o Omar Ochoa Law Firm , 121 N. 10th Street, McAllen , Texas , 78501 |
| | Plaintiff or Petitioner | Juana Lopez | c/o Omar Ochoa Law Firm , 121 N. 10th Street, McAllen , Texas , 78501 |

# Documents

| Status | Filing Code | Filing Description | Original Document | Converted Document | Stamped Document | Optional Services | Document Category | Document Description | Fees |
|---|---|---|---|---|---|---|---|---|---|
| **Accepted** ( 05/24/2019 ) | Answer/Response (Lead | Answer | Answer.pdf | | Answer.tiff | | Does not contain sensitive data | Answer | $0.00 |

| Status | Filing Code | Filing Description | Original Document | Converted Document | Stamped Document | Optional Services | Document Category | Document Description | Fees |
|--------|-------------|---------------------|---------------------|---------------------|-------------------|---------------------|---------------------|----------------------|------|
|  | Docume nt) 📄 **Note to Clerk:** |  |  |  |  |  |  |  |  |

**Responsible for Filing Fees :** State Farm Lloyds

**Send Accepted Notifications To:**

## Service Contact 1

| e-Serve | Name | Email Address | Public | Attached To | Status | Date Opened |
|---------|------|----------------|--------|--------------|--------|--------------|
| Yes | Omar Ochoa | oochoa@omarochoalaw.com | Yes |  | Sent | Unopened |

## Fees Calculation

| Allowance Charge Reason | Amount |
|---------------------------|--------|
| Total Provider Tax Fees($) | $0.18 |
| Total Provider Service Fees($) | $2.24 |
| Total Court Service Fees($) | $2.00 |
| Total Service Tax Fees($) | $0.00 |
| Total Filing & Service Fees($) | $0.00 |
| Total Court Filing Fees($) | $0.00 |
| Total Court Party Fees($) | $0.00 |
| Total Court Case Fees($) | $0.00 |
| Convenience Fee($) | $0.13 |
| **Total Fees($)** | **$4.55** |

CAUSE NO. 19-CCV-064942

| | | |
|---|---|---|
| JUANA LOPEZ AND AQUILINO LOPEZ | § § § | IN THE COUNTY COURT |
| VS. | § § | AT LAW NO. 2 |
| STATE FARM LLOYDS | § | FORT BEND COUNTY, TEXAS |

### DEFENDANT STATE FARM LLOYDS' FIRST AMENDED ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant, STATE FARM LLOYDS (hereinafter, "State Farm"), files its First Amended Answer to the allegations contained in Plaintiffs' Original Petition, and all subsequent amended or supplemental petitions filed against it, and shows as follows:

**I.**
**GENERAL DENIAL**

1.      State Farm generally denies all of the material allegations contained in Plaintiffs' Original Petition, and any amendments thereto, and demands strict proof thereof as allowed under the laws of the State of Texas. By this general denial, State Farm would require Plaintiffs to prove every fact to support the claims in Plaintiffs' Original Petition, and any amendments thereto, by a preponderance of the evidence.

**II.**

**DEFENSES**

2.      **Policy Coverage Provisions.** Under the Insuring Agreement, Plaintiffs bear the burden to prove damage resulting from an occurrence of accidental direct physical loss to the insured property during the policy period. Plaintiffs lack proof that any additional damages resulted from any accidental direct physical loss during the policy period.

3.      **Payment.**  State Farm is entitled to an offset or credit against Plaintiffs' damages, if any, in the amount of all payments State Farm has made to or on behalf of Plaintiffs under the Policy in connection with the damages and the insurance claim that give rise to Plaintiffs' claims in this lawsuit.

4.      **Deductible/Offset.**  State Farm is entitled to on offset or credit against Plaintiffs' damages, if any, in the amount of Plaintiffs' deductible.

5.      **Limit of Liability.**  State Farm's liability, if any, is limited to the amount of the Policy limits under the subject Policy, pursuant to the "Limit of Liability" and other clauses contained in the Policy sued upon.

6.      **Failure of Policy Considerations/Conditions Precedent.**  State Farm hereby asserts all conditions of the Policy at issue including but not limited to all terms, deductibles, limitations, exclusions, and all "duties after loss." Specifically, Plaintiffs have failed to satisfy the conditions of the Policy requiring Plaintiffs to preserve evidence of the damage, to provide evidence when reasonably requested, and to mitigate further damage. The Policy states:

### SECTION I – CONDITIONS

2.      **Your Duties After Loss**. After a loss to which this insurance may apply, you shall see that the following duties are performed:

a.      give immediate notice to us or our agent…

b.      protect the property from further damage or loss, make reasonable and necessary temporary repairs required to protect the property, keep an accurate record of repair expenditures;

* * * * *

d.      as often as we reasonably require:

(1)      exhibit the damaged property;

(2)      provide us with records and documents we request and permit us to make copies

(3)      submit to and subscribe, while not in the presence of any other insured:

(a) statements; and

(b) examinations under oath….

**7.**     Plaintiffs failed to follow the Policy's condition precedent requirements in several ways: (1) Plaintiffs failed to preserve evidence of certain damaged areas, as Plaintiffs had already removed/replaced the alleged damage before State Farm could complete its inspections; and (2) Plaintiffs failed to mitigate damages, as required by the Policy. These failures were unreasonable and prejudiced State Farm's investigation of Plaintiffs' claims.  Plaintiffs, therefore, have failed to meet the Policy's conditions precedent and cannot recover, in whole or in part, on Plaintiffs' breach-of-contract cause of action, and consequently on all of the other causes of action alleged in Plaintiffs' Petition.

**8.     Pre-Existing Damages.**  Plaintiffs' claims are barred, in whole or in part, because the damages and losses alleged in Plaintiffs' Petition, none being admitted, pre-existed the alleged occurrence of wind or wind-driven rain.

**9.     Normal Wear and Tear.**  Plaintiffs' claims are barred, in whole or in part, because the damages and losses alleged in Plaintiffs' Petition, none being admitted, were proximately caused, in whole or in part, by normal wear and tear. The Policy states:

### SECTION I – LOSSES NOT INSURED

> 1.  We do not insure for any loss to the property described in Coverage A which consists of, or is directly and immediately caused by, one or more of the perils listed in items a. through n. below, regardless of whether the loss occurs suddenly or gradually, involves isolated or widespread damage, arises from natural or external forces, or occurs as a result of any combination of these:
>
> \* \* \* \* \*
>
> g.  wear, tear, marring, scratching, deterioration, inherent vice, latent defect or mechanical breakdown;
>
> \* \* \* \* \*
>
> i.  mold, fungus or wet or dry rot….
>
> 3.  We do not insure under any coverage for any loss consisting of one or more of the items below. Further, we do not insure for loss described in paragraphs 1.and 2. immediately above regardless of whether one or more of the following: (a)directly or indirectly cause, contribute to or

aggravate the loss; or (b) occur before, at the same time, or after the loss or any other cause of the loss:

    b.  defect, weakness, inadequacy, fault or unsoundness in:

        (2)  design, specifications, workmanship, construction, grading, compaction;

        (3)  materials used in construction or repair; or

        (4)  maintenance;

    c.  weather conditions.

**10.**    **Flood, Surface Water or Neglect.**  Plaintiffs' claims are barred, in whole or in part, because the damages and losses alleged in Plaintiffs' Petition, none being admitted, were proximately caused, in whole or in part, by flood, surface water or neglect. The policy states:

**SECTION I – LOSSES NOT INSURED**

    2.  We do not insure under any coverage for any loss which would not have occurred in the absence of one or more of the following excluded events. We do not insure for such loss regardless of: (a) the cause of the excluded event; or (b) other cause of the loss; or (c) whether other causes acted concurrently or in any sequence with the excluded event to produce the loss; or (d) whether the event occurs suddenly or gradually, involves isolated or widespread damage, arises from natural forces, or occurs…

*  *  *  *  *

    c.  **Water Damage**, meaning:
      (1)    Flood, surface water, waves, tidal water, tsunami, seiche, overflow of a body of water, or spray from any of these, all whether driven by wind or not;
      (2)    water or sewage from outside the residence premises plumbing system that enters through sewers or drains, or water which enters into and overflows from within a sump pump, sump pump well or any other system designed to remove subsurface water which is drained from the foundation area…
      (3)    water the below the surface of the ground, including water which exerts pressure on, or seeps or leaks through a building, sidewalk, driveway, foundation, swimming pool or other structure; or

(4)     material carried or otherwise moved by any of the water, as described in paragraphs (1) through (3) above.

\* \* \* \* \*

d. **Neglect**, meaning neglect of the insured to use all reasonable means to save and preserve the property at and after the time of a loss, or when property is endangered.

11.     **Personal Property.**  Plaintiffs' claims are barred, in whole or in part, because the damages and losses alleged in Plaintiffs' Petition, none being admitted, were not proximately caused, in whole or in part, by a wind or hail created opening in the roof or a wall.  The policy states:

### COVERAGE B - PERSONAL PROPERTY

We insure for accidental direct physical loss to property described in Coverage B caused by the following perils, except as provided in **SECTION I - LOSSES NOT INSURED**:

d.     **Windstorm or hail**. This peril does not include loss to property contained in a building caused by rain, snow, sleet, sand or dust. This limitation does not apply when the direct force of wind or hail damages the building causing an opening in a roof or wall and the rain, snow, sleet, sand or dust enters through this opening.

### SECTION I - LOSSES NOT INSURED

2.     We do not insure under any coverage for any loss which would not have occurred in the absence of one or more of the following excluded events. We do not insure for such loss regardless of: (a) the cause of the excluded event; or (b) other causes of the loss; or (c) whether other causes acted concurrently or in any sequence with the excluded event to produce the loss; or (d) whether the event occurs suddenly or gradually, involves isolated or widespread damage, arises from natural or external forces…

12.     **Bona Fide/Legitimate Dispute.**   A bona fide and legitimate dispute exists precluding Plaintiffs' recovery of damages under extra-contractual theories including the common law duty of good faith and fair dealing, and for violations of the Texas Insurance Code or any other statutory or common law authority.

13.     **No Waiver.**  Plaintiffs' claims are barred, in whole or in part, because State Farm did not waive any of its rights under the Policy. The Policy states: "A waiver or change of any provision of this policy must be in writing by [State Farm] to be valid. State Farm made no such waiver in this case.

14.     **Cap on Punitive Damages.**  Texas Civil Practice and Remedies Code §41.001, *et. seq.,* applies and punitive damages awarded, if any, are subject to the statutory limit set forth therein, other applicable statutory authority, and common law. Further, unless Plaintiffs prove State Farm's liability for punitive damages, and the amount of punitive damages, if any, by clear and convincing evidence, any award of punitive damages would violate State Farm's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article 1 of the Texas Constitution.

15.     **Written Notice of Claim.**  Defendant specifically denies that Plaintiffs provided State Farm with "notice of claim" pursuant to §§ 542.051(4) and 542.055(a) of the Texas Insurance Code. The statute specifically states "'[n]otice of a claim' means any written notification provided by a claimant to an insurer that reasonably apprises the insurer of the facts relating to the claim." TEX. INS. CODE § 542.051(4). Because written notification was not provided by Plaintiffs, they are barred from recovering under Chapter 542 of the Texas Insurance Code. Defendant also specifically denies that the Policy obligated State Farm to inform Plaintiffs that written notice of the claim was required, and Defendant specifically denies that it was under any duty to provide notice regarding the applicability of Chapters 541 or 542 of the Texas Insurance Code.

16.     **Chapter 542A.**  Defendant asserts the limitations on the recovery of attorneys' fees, if any, as per TEX. INS. CODE § 542A.007. Further, Plaintiffs failed to provide pre-suit notice stating the specific amount alleged to be owed as required by TEX. INS. CODE § 542A.003(b)(2).

## III.
## <u>RIGHT TO AMEND</u>

**17.**     State Farm reserves the right to amend this Original Answer pursuant to the Texas

Rules of Civil Procedure.

## IV.
## <u>JURY DEMAND</u>

**18.**     State Farm demands a trial by jury pursuant to Texas Rule of Civil Procedure 216.

**WHEREFORE, PREMISES CONSIDERED**, Defendant, STATE FARM LLOYDS,

respectfully requests that upon final trial and hearing hereof, that Plaintiffs take nothing and that

Defendant recover its costs, fees, and expenses, and for such other further relief to which

Defendant may show itself to be justly entitled, both in law and at equity.

Respectfully submitted,

**GERMER PLLC**

By:_____

**DALE M. "RETT" HOLIDY**
State Bar No. 00792937
America Tower
2929 Allen Parkway, Suite 2900
Houston, Texas 77019
(713) 650-1313 - Telephone
(713) 739-7420 - Facsimile
rholidy@germer.com

**ATTORNEY FOR DEFENDANT,**
**STATE FARM LLOYDS**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing instrument has been served on all counsel of record on this 5th day of June, 2019.

Omar Ochoa                                          <u>Via E-service</u>
Omar Ochoa Law Firm
121 N. 10th Street
McAllen, Texas 78501


**DALE M. "RETT" HOLIDY**

**Erika Lopez**

| | |
|---|---|
| **From:** | No-Reply@eFileTexas.gov |
| **Sent:** | Wednesday, June 05, 2019 4:51 PM |
| **To:** | erikalopez.gb@fsxclient.com |
| **Subject:** | Filing Submitted for Case: 19-CCV-064942; Juana Lopez, Aquilino Lopez vs State Farm Lloyds; Envelope Number:  34143178 |



# Filing Submitted

Envelope Number: 34143178
Case Number: 19-CCV-064942
Case Style: Juana Lopez, Aquilino Lopez vs State
Farm Lloyds

The filing below has been submitted to the clerk's office for review. Please allow 24 - 48 hours for clerk office processing.

| Filing Details | |
|---|---|
| **Court** | Fort Bend County - County Clerk |
| **Date/Time Submitted** | 6/5/2019 4:50 PM CST |
| **Filing Type** | Answer/Response |
| **Filing Description** | Defendant State Farm Lloyds' First Amended Answer |
| **Type of Filing** | EFileAndServe |
| **Filed By** | Erika Lopez |
| **Filing Attorney** | Rett Holidy |

| Fee Details |
|---|
| Your account is never charged until your filing is accepted. If you see any pending charges on your account prior to acceptance, this is an authorization hold to ensure the funds are available so your filing can be accepted without delay. |

If the filing is canceled or rejected these funds will be released and will return to your account according to your financial institution's policies (typically 3-10 business days).

This envelope is pending review and fees may change.

| | |
|---|---|
| Case Fee Information | $5.70 |
| Payment Service Fees | $1.28 |
| Court Transaction Fees | $2.00 |
| Provider Service Fees | $2.24 |
| Provider Tax Fees | $0.18 |
| Answer/Response | $40.00 |

• Optional Services     Fee Per    Quantity

| • Jury Fee | $40.00 | 1 | $40.00 |
|---|---|---|---|

**Total:**$45.70 (The envelope still has pending filings and the fees are subject to change)

| Document Details | |
|---|---|
| **Lead Document** | Answer.pdf |
| **Lead Document Page Count** | 8 |
| **File Copy** | [Download Document](#) |
| This link is active for 30 days. | |

For technical assistance, contact your service provider



Online: www.fileandservetexas.com
Phone: (888) 529-7587
Available 24x7 and online with chat

Please do not reply to this email. It was automatically generated.

# CIVIL DOCKET
## CAUSE NUMBER 19-CCV-064942

| COURT NUMBER | STYLE OF CASE:  JUANA LOPEZ, AQUILINO LOPEZ VS STATE FARM LLOYDS |
|---|---|
| **County Court At Law 2** | |
| **TYPE OF ACTION** | **Plaintiff's Attorney:** Omar Ochoa / Omar Ochoa Law Firm / 121 N 10th St / McAllen TX  78501 / 956-630-3266 **Defendant's Attorney:** Dale M "Rett" Holidy / America Tower / 2929 Allen Parkway Suite 2900 / Houston, Texas  77019 / 713-650-1313 |
| **Debt Contract - Debt Contract** | |
| **Date Filed: 05/01/2019** | |
| Jury Fee: $ 40.00 | **Attorney Ad Litem:** |
| Jury Fee Paid By: Juana Lopez & Aquilino Lopez | |

| DATE OF ORDERS | ORDERS OF COURT |
|---|---|
| 5/24/19 | answer filed |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |